IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 2:25cr3 |
| ) | |
| BRAD KENNETH SPAFFORD, ) | |
| ) | |
| Defendant. ) | |

## PROTECTIVE ORDER

Before the Court is the United States' Motion for Entry of a Protective Order, which restricts the disclosure and dissemination of certain documents, electronic records, and other information produced by the United States to the defendant for purposes of discovery in this case. These documents, electronic records, and other information (hereinafter, "Protected Documents"), shall be subject to the following Order:

1. Protected Documents, as used herein, are defined as any document, record, or other material including the Personally Identifiable Information ("PII"), any other identifying information, statements of, or other information about any informants including Confidential Human Sources. The government shall disclose Protected Documents to the defendant as part of its discovery obligations, in accordance with the Federal Rules of Criminal Procedure, relevant case law, and any discovery order that this Court enters.

2. The disclosure or provision of documents or materials by the government to the defendant shall not operate as a waiver of any privilege or protection that could or may be asserted by the holder of any such privilege or protection.

3. Access to Protected Documents shall be restricted to persons authorized by this Order, namely, the defendant, the defendant's attorney of record in this case, and the employees of the attorney of record who are performing work on behalf of the defendant.

4. The following restrictions are placed on the defendant, the defendant's attorney, and the above-designated individuals, unless and until further ordered by the Court. The defendant, the defendant's attorney, and the above-designated individuals shall not:

    a. make copies of Protected Documents for, or allow copies of any kind to be made by, any other person;

    b. take photos of the Protected Documents, manually copy information contained thereon, or otherwise reproduce any information contained in the documents including, but not limited to, any personal identifying information contained therein;

    c. allow any other person to read Protected Documents; and

    d. use the Protected Documents or information contained therein for any purpose other than preparing to defend against the criminal charges in this matter.

5. In addition, the defendant is prohibited from having access to or copies of any Protected Documents outside of the presence of his attorneys or a staff person working directly with his attorneys.

6. The defendant's attorney shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order.

7. Nothing in this Order shall restrict use by the defendant's attorney of Protected Documents or information during the defendant's investigation of the allegations and preparation of his defenses or introduction as evidence at trial, except that the defense will notify the

government prior to trial of any Protected Documents that it wishes to introduce at trial so that the government may seek an additional order sealing the documents and information contained therein from public disclosure as necessary. Where appropriate, however, the defendant's attorney must redact any personal identifying information in the Protected Documents, in accordance with Federal Rule of Criminal Procedure 49.1, Local Criminal Rule 47, and the U.S. District Court for the Eastern District of Virginia Guide to February 15, 2005 Local Rule Amendments Concerning Personal Identifiers.

8. Prior to the disclosure of any Protected Documents to a person not identified in Paragraph 3 of this Order, counsel for the defendant must first receive permission from the Court for such disclosure. Such permission may be requested *ex parte*.

9. During pre-trial proceedings in this case, all parties and witnesses shall refer to informants by pseudonym only.

10. In all papers filed with the Court all parties shall refer to informants by pseudonym only.

11. In all papers filed with the Court that by necessity require disclosure of the name or other information concerning the identity of any informants, all parties shall file the papers under seal, while submitting to opposing counsel the unredacted pleading (provided that such pleading is not filed in camera) and submitting to the clerk of the Court:

a. The complete paper clearly labeled "UNREDACTED" to be kept under seal; and

b. The paper with the portions of it that disclose the name of or other information concerning the informant redacted, and in the case of names, replaced by a pseudonym, for placement in the public record.

12.     Upon conclusion of this action, and consistent with the ethical responsibilities of defense counsel, the defendant's attorney shall return to government counsel, or destroy and certify to government counsel the destruction of, all Protected Documents within a reasonable period of time, not to exceed thirty days after the last appeal is final.

IT IS SO ORDERED.

_____
Honorable Arenda Wright Allen
United States District Judge

January___, 2025
Norfolk, Virginia